**UNITED STATES of America,
Plaintiff,**

v.

**16,179 MOLSO ITALIAN .22 CALIBER WINLEE DERRINGER CONVERTIBLE STARTER GUNS, Defendant.**

**Goodwin LEE, doing business as Westbury Sales Co., Plaintiff,**

v.

**David M. KENNEDY, as Secretary of the Treasury, Randolph W. Thrower, as Commissioner of Internal Revenue, Lester D. Johnson, as Commissioner of Customs, Harold A. Serr, as Director of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service of the Department of the Treasury, and John L. Piper, Chief, Enforcement Branch of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service of the Department of the Treasury, Defendants.**

**Nos. 70 C 562, 70 C 475.**

United States District Court,
E. D. New York.

June 16, 1970.

Edward R. Neaher, U. S. Atty., E.D. New York, for the United States by Michael F. Crawford, Asst. U. S. Atty.

Sidney Schreiberg, New York City, for Goodwin Lee.

BRUCHHAUSEN, District Judge.

Action, entitled No. 70 C 475, was commenced on April 16, 1970, by the plaintiff therein, Goodwin Lee, an importer and dealer in guns, to enjoin the Government from confiscating and destroying 16,179 starter pistols, imported by him from Italy, and to restrain the Bureau of Customs from assessing duties thereon.

Certain pistols, imported by Lee, prior to May 5, 1969, were found admissible to this country and not in violation of the Gun Control Act of 1968, 18 U.S.C. § 921(a) (3) et seq.

The principal issue pertains to 16,179 pistols, imported by Lee from Italy, subsequent to May 5, 1969.

On December 8, 1969, the Government seized 15,942 of those pistols at Lee's place of business in Westbury, Long Island, and an additional 237 on December 22, 1969, a total of 16,179.

---

8. See note 5 *supra.*

The first case tried was the aforesaid action No. 70 C 475. The Government's motion to dismiss the complaint therein upon the grounds that there was no jurisdiction of the subject matter, no equity jurisdiction, that remission of a forfeiture is an administrative matter in a proceeding before the Secretary of the Treasury and that a District Court has no jurisdiction to enjoin the Bureau of Customs, was granted.

Thereupon, the Government introduced evidence in support of its in rem action, No. 70 C 562, commenced on April 29, 1970, to enforce forfeiture of the 16,179 pistols, seized by it, as aforesaid, in December 1969.

The actions were consolidated by order, dated May 1, 1970.

Title 18 U.S.C. § 924(d) and Sections 7321 and 7323 of the Internal Revenue Code of 1954 provide, in substance, that any firearm used or intended to be used in violation of the aforementioned Gun Control Act shall be subject to seizure and forfeiture by the Secretary of the Treasury or his delegate.

The relevant Sections of the said Gun Control Act are as follows:

"18 U.S.C. § 921(a)  *  *  *

"(3) The term 'firearm' means (A) any weapon (including a starter gun) which  *  *  *  may readily be converted to expel a projectile by the action of an explosive  *  *  *.

"18 U.S.C. § 922(a) It shall be unlawful—"(1) for any person, except a licensed importer,  *  *  *  or licensed dealer, to engage in the business of importing,  *  *  *  or dealing in firearms  *  *  *  or in the course of such business to  *  *  *  receive any firearm  *  *  *  in  *  *  *  foreign commerce.

"18 U.S.C. § 923(a) No person shall engage in business as a firearms or ammunition importer, manufacturer, or dealer until he has filed an application with, and received a license to do so from, the Secretary (of the Treasury)."

Admittedly, Mr. Lee imported the said 16,179 guns from Italy. There is neither claim by him nor evidence that he was registered under the Gun Control Act as an importer of firearms nor that he was registered, as a dealer in firearms.

■ The sole issue in the said action, No. 70 C 562, is whether the said guns, seized by the Government, could "readily be converted to expel a projectile by the action of an explosive." If so, Lee violated the Gun Control Act, thus warranting the seizure.

Five witnesses testified for the Government. The substance of their testimony was that eighteen guns, selected at random, were tested. The steel plugs, between the bases and barrels were bored to ascertain how quickly they could be rendered usable for live ammunition i. e. readily convertible to expel projectiles by the action of an explosive. The plugs were found soft enough for boring through in less than fifteen minutes, thus establishing that they were readily convertible.

Lee called no witnesses. He contended that the testing of only eighteen guns was too small a number; that he endeavored to stop the shipment, when he learned of the Government's claim and that he was innocent of intent to violate the statute.

■ The gun control statute is violated if an unlicensed individual imports or deals in firearms, whether or not he does so wilfully and/or intentionally.

Settle findings and decree on five (5) days' notice.